J-S34022-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVEN BRADY HALL | : | |
| | : | |
| Appellant | : | No. 392 MDA 2021 |

Appeal from the Order Entered March 3, 2021
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0000980-2016

BEFORE: DUBOW, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:       **FILED: FEBRUARY 7, 2022**

Steven Brady Hall appeals from the order entered following his resentencing. His counsel has filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and a petition to withdraw as counsel. We affirm and grant counsel's petition to withdraw.

In 2017, Hall pleaded guilty to aggravated indecent assault of a child.[1] Hall did not file a direct appeal. However, this Court granted him post-conviction relief for his claim concerning his sex-offender registration. The court vacated the portion of Hall's sentence requiring him to register as a Tier III offender and remanded to the trial court to instruct him on the applicable registration and reporting requirements under Subchapter I of the Sex

---

[1] 18 Pa.C.S.A. § 3125(b). In a related case in Dauphin County, Hall pleaded guilty to unlawful contact with a minor, 18 Pa.C.S.A. § 6318, corruption of minors, 18 Pa.C.S.A. § 6301(a)(1)(ii), and indecent assault, 18 Pa.C.S.A. § 3126(a)(1). The Dauphin County case is not before us.

Offender Registration and Notification Act ("SORNA"). *See* 42 Pa.C.S.A. §§ 9799.51-9799.75.[2]

On June 8, 2020, the trial court informed Hall of the proper registration requirements, including that, pursuant to Subchapter I of SORNA, he must register as a convicted sex offender with the Pennsylvania State Police for the remainder of his life. The court advised Hall that he had not been determined to be a sexually violent predator.

This timely appeal followed.[3] Counsel filed with this Court an *Anders* brief and a petition to withdraw as counsel, asserting that the appeal is wholly frivolous. Hall did not respond to counsel's *Anders* brief.

Before we assess the substance of the *Anders* brief, we must first determine whether counsel's request to withdraw meets certain procedural requirements. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). An *Anders* brief that accompanies a request to withdraw must:

---

[2] Act of Feb. 21, 2018, P.L. 27, No. 10 (Act 10); Act of June 12, 2018, P.L. 140, No. 29 (Act 29). Subchapter I of SORNA applies to offenders like Hall who have committed their crimes prior to December 20, 2012. *See* 42 Pa.C.S.A. § 9799.52.

[3] The court did not impose a new judgment of sentence or enter an order concerning the June 8, 2020 hearing. However, Hall appealed, and, in February 2021, this Court remanded to the trial court for the entry of a final order. On March 3, 2021, the trial court entered a final order and Hall's counsel filed the instant, timely appeal.

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Counsel must also provide a copy of the *Anders* brief to the client, and a letter that advises the client of the right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa.Super. 2014) (quoting *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa.Super. 2007) (alteration omitted)). If counsel has satisfied these requirements, we then conduct "a full examination" of the record "to decide whether the case is wholly frivolous." *Commonwealth v. Dempster*, 187 A.3d 266, 271 (Pa.Super. 2018) (*en banc*) (quoting *Anders*, 386 U.S. at 744).

Here, counsel has substantially complied with the requirements of *Anders* as set forth in *Santiago*. In the *Anders* brief, counsel discusses the issues arguably supporting the appeal and explains why counsel concludes

those issues are wholly frivolous.[4] Counsel has supplied Hall with a copy of his **Anders** brief and a letter advising him that he may raise any additional issues before this Court *pro se* or with private counsel. **See** Petition to Withdraw, 8/24/21, at Exhibit A.

Accordingly, counsel has complied with the technical requirements for withdrawal. We will therefore address the issue counsel has identified.

Counsel's **Anders** brief identifies one issue.

Did the trial court commit an error of law by finding that the application of 42 Pa.C.S.[A.] § 9799.63 relating to internet dissemination provision of Subchapter I of the Sexual Offenders Registry and Notification Act is not an unconstitutional *ex post facto* law under the Pennsylvania Constitution as applied to [Hall]?

**Anders** Br. at 7.

The **Anders** brief identifies a challenge to SORNA's requirement that the Pennsylvania State Police disseminate an offender's information over the internet, pursuant to Section 9799.63. It notes a claim that Section 9799.63 is punitive and therefore is an unconstitutional *ex post facto* law as applied to Hall, violating his right to reputation under the Pennsylvania Constitution. **See id.** at 10-13.

A constitutional challenge presents a question of law. **See Commonwealth v. Molina**, 104 A.3d 430, 441 (Pa. 2014). Thus, our standard of review is *de novo*, and our scope of review is plenary. **See id.**

_____

[4] Although counsel relies on the factual summary as set forth in the trial court opinion rather than providing a separate summary, there is no factual dispute involved in this matter.

Our Supreme Court recently addressed Section 9799.63's internet dissemination requirement. ***See Commonwealth v. Lacombe***, 234 A.3d 602, 623 (Pa. 2020). There, the court acknowledged that the requirement to disseminate the information of sexual offenders over the internet was similar to public shaming. However, upon review of the statute as a whole, the court determined that the punitive effect of Section 9799.63 was insufficient to establish that Subchapter I of SORNA constitutes an unconstitutional *ex post facto* law. ***See id.*** at 626; ***see also Commonwealth v. Elliott***, 249 A.3d 1190, 1194 (Pa.Super. 2021) (recognizing that, pursuant to ***Lacombe***, "Subchapter I's [registration, notification, and counseling] requirements do not constitute criminal punishment").

Here, the issue presented in the ***Anders*** brief challenges the constitutionality of Subchapter I's registration requirements. Our Supreme Court's decision in ***Lacombe*** is dispositive of this issue. Hence, we agree this issue is wholly frivolous.

Our independent review of the record has not uncovered any non-frivolous issues for appeal. We therefore grant counsel's motion to withdraw and affirm the March 3, 2021 order.

Order affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/7/2022